# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE ANNEN,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN TECHNICAL CERAMICS, CERTECH, INC., MORGANITE INDUSTRIES, INC., and MORGAN ADVANCED CERAMICS, INC.,<br><br>Defendants. | Civ. No. 18-11197-KM-JBC<br><br>OPINION |

### KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on Plaintiff George Annen's motion to amend the complaint pursuant to Fed. R. Civ. P. 15 and to remand this matter to the Superior Court of New Jersey, pursuant to 28 U.S.C. § 1447(e). (DE 10). No federal cause of action is stated; the defendants removed the matter to this Court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332(a). (DE 1). Annen's amended complaint seeks to add a non-diverse defendant.

For the reasons provided below, the Court grants Plaintiff Annen's motion to amend as of right and to remand the case to state court (DE 10). Defendants' motion to dismiss is denied as moot and may be re-filed in state court upon remand (DE 9).

1

## I. Background[1]

On May 15, 2018, plaintiff George Annen, a New Jersey resident, filed a complaint in the Law Division of the Superior Court of New Jersey, Morris County against defendants Morgan Technical Ceramics ("MTC"), Morganite Industries, Inc. ("Morganite"), and Morgan Advanced Ceramics, Inc. ("MAC"). This complaint alleges that MTC "registered as Certech, Inc." (Compl. ¶2). Defendant MAC is incorporated in the State of Delaware and has a principal place of business in California. (Compl. ¶3; NOR ¶12). MAC manufactures and markets industrial ceramic components to the medical, telecommunications, and aerospace markets. (NOR. ¶ 23). Defendant Morganite is also incorporated in the State of Delaware, but has a principal place of business in North Carolina. (Compl. ¶4; NOR ¶13).

Annen's complaint alleges that defendant MTC "is a division of Morgan Advanced Materials PLC, with its head office near London." (Compl. ¶2). He further alleges that MTC conducts business in New Jersey, where it "is registered as Certech, Inc." (*Id.*). Defendants' notice of removal asserts that MTC "is not an actual entity," but is an alternative name for MAC. (NOR ¶14; DE 1-1 (State of New Jersey, Division of Revenue, "Registration of Alternate Name" (Nov. 14, 1991)). Certech is a separate entity, is incorporated in Delaware, and has a principal place of business in New Jersey. (NOR ¶15).

---

[1] For ease of reference, certain key items from the record will be abbreviated as follows:

| | | |
|---|---|---|
| DE __ | = | Docket entry number in this case; |
| Compl. | = | Complaint and jury demand (DE 1-1); |
| NOR | = | Notice of Removal & Rule 11.2 Certification (DE 1); |
| AC | = | Amended Complaint (DE 10-2 at 25–35) |
| Pltf. Cert. | = | Plaintiff George Annen's certification in support of the motion to amend the complaint and to add Certech, Inc. as a defendant; |
| PBr. | = | Plaintiff's motion to amend the complaint and remand (DE 10); |
| DBr. | = | Defendants' opposition to plaintiff's motion (DE 16); |
| RBr. | = | Plaintiff's reply brief. |

2

Substantively, Annen's complaint alleges violations of New Jersey state law under the New Jersey Law Against Discrimination ("NJLAD") and the New Jersey Conscientious Employee Protection Act ("CEPA") related to his employment with "defendants." The complaint does not distinguish between the various entity defendants, and instead, refers to them collectively as the "Morgan defendants." As a result, the complaint does not clarify, or factually substantiate, which defendant was Annen's employer, or assert that all of the defendants were "joint employers" under the NJLAD or CEPA. (*See* Compl. ¶8).

Annen was hired on or about January 20, 2017 as a Global Finance Director for a division of MTC. (Compl. ¶7). Annen alleges that this business unit division of MTC was managed out of Certech's office in Woodbridge, New Jersey. (*Id.*).

During his one-year employment, Annen was supervised by three different individuals. (Compl. ¶8). He claims that once John Righini was hired and became his supervisor, he was subjected to discrimination on the basis of his age. (Compl. ¶¶10-11). Annen asserts that he was passed over for a promotion in favor of a candidate that was ten years younger than him, and that age played a role in his eventual termination. (Compl. ¶¶11, 18).

Annen's CEPA claim alleges that he objected to financial practices that he believes were fraudulent. (Compl. ¶30). In particular, Annen alleges that he believes that profits that should have been reported in 2017 were deferred to 2018. (Compl. ¶30).

On May 15, 2015, Annen filed his complaint and jury demand in the Superior Court of New Jersey, Morris County. (DE 1-1). On June 28, 2018, defendants removed the action to this Court, on the basis of diversity jurisdiction. (DE 1). There is no dispute that there is no federal cause of action in the complaint.

The notice of removal clarified the citizenship status of the defendant corporate entities. (NOR ¶¶12-15). The notice of removal further stressed that Certech, the only entity that shares citizenship with Annen, was not named as a defendant, and to any extent that it would be considered a defendant, it was

3

fraudulently joined. (NOR ¶ 15). Defendants' argument for fraudulent joinder turns on the fact that only MAC was Annen's employer, and therefore, there is no basis for liability that may be asserted against Certech under the NJLAD and CEPA. (*See generally*, NOR ¶¶ 27-34).[2]

On July 25, 2018, Annen filed a motion to amend the complaint and to remand this matter to state court. He has certified that he intended to name Certech as a defendant, and that defendants are so interrelated that it is unclear which particular defendant-entity was his employer. (PBr. at 7-8). Defendants oppose plaintiffs' application.

## II. Motion to Amend

The Court addresses the motion to amend the complaint first, given that the allegations in the operative complaint will impact the Court's jurisdictional analysis. The plaintiff has submitted a proposed amended complaint, redlined to highlight the amendments. (DE 10-2 at 13–23) A clean copy of the Amended Complaint (cited herein as "AC") may be found as DE 10-2 at 25–35.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). Otherwise, the party must seek leave of court to amend. Fed. R. Civ. P. 15(a)(2).

It is clear that Annen is entitled to file the amended complaint as a matter of right. Rule 15 grants a plaintiff the right to file an amended complaint

---

[2] On July 20, 2018, following the removal, defendants moved to dismiss Annen's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Annen has failed to sufficiently state a claim. (DE 9). The motion to dismiss, which has not been fully briefed, was stayed pending resolution of this motion to amend the complaint and remand. (DE 15). Annen filed his motion to amend the complaint five days after defendants filed their motion to dismiss. (DE 10).

4

within "21 days after service of a motion under Rule 12(b)," such as a motion to dismiss brought pursuant to Rule 12(b)(6). Fed. R. Civ. P. 15(a)(1)(B); *see Kundratic v. Thomas*, 407 F. App'x 625, 629 (3d Cir. 2011) (noting that plaintiff may file amended complaint after defendant has "filed [its] first motion to dismiss").

Annen sought to amend this complaint on July 25, 2018, or five (5) days after defendants' motion to dismiss was filed on July 20, 2018. (DE 9). The Court concludes that Annen may amend his complaint as of right under Rule 15(a)(1). Thus, the Court does reach the underlying merits of Annen's amendment under Rule 15(a)(2).[3]

---

[3] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), relied upon by both parties in this case, announced a series of factors to be considered by the Court when a motion to amend a complaint sought to add a non-diverse defendant, which would therefore destroy federal jurisdiction. *See City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 746 (D.N.J. 2008) (noting that district courts within the Third Circuit have adopted the *Hensgens* approach to post-removal amendments seeking to add non-diverse defendants); *Midthassel v. ARAMARK Corp.*, Civil Action No. 09-05515 (FLW), 2010 U.S. Dist. LEXIS 59324, at *8 (D.N.J. June 15, 2010) (providing that denial of motion to amend complaint may be based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

However, *Hensgens* applied the pre-2009 version of Federal Rule of Civil Procedure 15(a), which did not grant plaintiffs *the right* to file an amended complaint, *without leave of court*. The Third Circuit has not yet addressed whether application of the *Hensgens* factors, which is based on the court's discretion to permit joinder, is applicable to a case like this, where the complaint is amended as a matter of right. Other courts in this Circuit, however, have recognized a distinction "between situations where the court has discretion *to permit joinder*, and those like this, wherein *the complaint is amended as a matter of right*." *Brennerman v. Guardian News & Media Ltd.*, No. 1:14-cv-00188-SLR-SRF, 2015 U.S. Dist. LEXIS 172429, at *8-9 (D. Del. Dec. 29, 2015) (emphasis in original); *see Midthassel*, 2010 U.S. Dist. LEXIS 59324, at *8 n.3 (granting amendment as of right, recognizing that *Hensgens* applied pre-2009 amendment, and focusing on fraudulent joinder standard under 28 U.S.C. § 1447(e)); *O'Keefe v. Hess Corp.*, No. 10-2598 (WJM), 2010 WL 3522088, at *8 (D.N.J. Sept. 1, 2010) (finding that defendants properly focused their argument on fraudulent joinder where complaint was amended as a matter of right), *R&R adopted*, No. 2:10-CV-2598-WJM-MF, 2010 WL 4102848 (D.N.J. Oct. 15, 2010).

Neither party in this case addresses this issue; instead, they focus their arguments on the separate *Hensgens* factors, as well as fraudulent joinder. (*See* PBr. at 14; DBr. at 6-7 (citing *Midthassel*, 2010 U.S. Dist. LEXIS 59324, at *8). Because I

5

### III. Motion to Remand

#### A. Standard

Under 28 U.S.C. § 1441(a), a defendant in a state court civil action may remove the case to federal court if the federal court has original jurisdiction to hear the case. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). District courts have original jurisdiction over matters in which the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332.[4] An action may be removed on the basis of diversity jurisdiction only "if there is a complete diversity between all named plaintiffs and defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005). Normally, if any plaintiff shares citizenship with any defendant, complete diversity is defeated. *Kaufman v. Allstate N.J. Insur. Co.*, 561 F.3d 144, 148 (3d Cir. 2009); *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006) ("a proper exercise of federal jurisdiction requires satisfaction of . . . complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant.").

Typically, the burden to prove the existence of jurisdiction is on the plaintiff; however, where a timely challenge to removal has been filed, the burden rests on the removing defendant. *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009); *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995). Any doubts are resolved in favor of remand. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *see Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) ("[R]emoval statutes are to be strictly construed

---

believe that the *Hensgens* factors are inapplicable to an amendment as of right in light of the Rule amendments, I focus the remaining aspects of the opinion on fraudulent joinder under 28 U.S.C. §1447(e).

[4] The parties here do not dispute that the amount in controversy exceeds $75,000.

6

against removal and all doubts should be resolved in favor of remand."
(internal quotation and citation omitted)).

Courts may permit joinder of a non-diverse party to a removed case. Such joinder, however, may require the court to remand the action to state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(e). The only limit on that principle is the prohibition of fraudulent joinder. Fraudulent joinder is "an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d at 215-16. "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Batoff*, 977 F.2d at 851. If a defendant's joinder was fraudulent, the court may disregard that defendant's citizenship, assume jurisdiction, dismiss that defendant, and retain jurisdiction over the case. *Id.* (citing *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)).

The Third Circuit has defined fraudulent joinder in terms of a lack of even "possible" merit:

> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

*In re Briscoe*, 448 F.3d at 217; *see Brown*, 575 F.3d at 326. "The district court must rule out *any possibility* that a state court would entertain the cause before holding that joinder of a non-diverse defendant was fraudulent." *In re Briscoe*, 448 F.3d at 219 (emphasis added).

On the issue of fraudulent joinder, a court may, where appropriate, consider facts outside the pleadings. The inquiry, however, "is far different from [a] summary judgment type inquiry." *Boyer v. Snap-on Tools Corp.*, 913 F.2d

7

108, 112 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S. Ct. 959, 112 L. Ed. 2d 1046 (1991). A court must avoid "step[ping] from the threshold jurisdictional issue into a decision on the merits." *Id.* A district court attempting to determine whether a defendant was fraudulently joined may "pierce," *albeit* in a limited manner, "the pleadings to determine whether a plaintiff has asserted a colorable claim against the non-diverse defendant." *In re Briscoe*, 448 F.3d at 219; *see also Boyer*, 913 F.2d at 112 (recognizing that courts must look beyond the pleadings only to a limited extent).

The fraudulent joinder analysis looks for a "colorable" claim and does not go so far as to determine whether the complaint states a claim under a motion to dismiss standard. *Batoff*, 977 F.2d at 852; *see Boyer*, 913 F.2d at 113 ("where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses."); *Workman v. Stryker Corp.*, 2010 U.S. Dist. LEXIS 59142 (D.N.J. Jun. 11, 2010) ("An inquiry under a motion to dismiss or for summary judgment is more searching than that permissible when a party makes a claim of fraudulent joinder." (internal quotations and citation omitted)).

A district court resolves "all contested issues of substantive fact in favor of the plaintiff" and "any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer*, 913 F.2d at 111. Thus, on the same set of facts, a court might find joinder to be non-fraudulent, but nonetheless later dismiss the case for failure to state a claim. *Batoff*, 977 F.2d at 852.

In short, for defendants to meet their burden under this standard, they must show that there is no possibility that New Jersey law would recognize any of the claims asserted against defendant Certech.

### B. Discussion

Certech, as defendants admit, is a Delaware corporation with its principal place of business in New Jersey, and is a citizen of New Jersey. (DE 1-

1 ¶ 15) Plaintiff Annen, too, is a citizen of New Jersey. Certech's presence in the case, then, would destroy complete diversity and deprive this court of subject matter jurisdiction under 28 U.S.C. § 1332(a). The defendants contend, however, that Certech was fraudulently joined and therefore should not figure in the diversity analysis.

Annen asserts that he initially misunderstood the status of Certech, Inc. His unamended complaint names Certech, Inc., in the caption as a registered name for MTC. (DE 1-1 at 2, 8, Caption (MORGAN TECHNICAL CERAMICS, (registered as CERTECH, INC.)"). Promptly upon learning that Certech, Inc., was a separate legal entity, he amended his complaint as of right to reflect that status. (AC, DE 10-2 at 25, Caption ("MORGAN TECHNICAL CERAMICS, CERTECH, INC."); *see also* DE 10-2 at 13 (redline version)). The Amended Complaint adds Certech to the list of "Morgan Defendants" (AC ¶ 6) sued in the First Count (NJLAD) and Second Count (CEPA). It also adds a third count of aiding and abetting under the NJLAD against Certech.

The circumstances do not suggest fraudulent joinder. Annen's reasons for filing the Amended Complaint are plausible, and they do not bespeak any manipulation of the court's jurisdiction. The error in naming a party was fairly routine, and the correction technical. The error was pointed out in the notice of removal, which admitted that Certech is a citizen of New Jersey, but alleged that its joinder was fraudulent. (NOR, DE 1-1 ¶ 15) Thus Certech, Inc., named in the original version of the complaint as a registered business name, has now been correctly renamed as an independent entity.

I therefore go on to consider whether the claims against Certech are fraudulent, in the sense that they lack a colorable basis in New Jersey law. I need go no farther than to address the defendants' contention that there is no colorable NJLAD claims because Certech is not an "employer."

To establish an employment discrimination claim under the NJLAD, a plaintiff must show that an employment relationship existed. *Pukowsky v. Caruso*, 312 N.J. Super. 171, 184 (App. Div. 1998). Where a traditional one-on-one employer/employee relationship is lacking, a person may be deemed to be

9

jointly employed by two entities. *See e.g., Hoag v. Brown*, 397 N.J. Super. 34, 53 (App. Div. 2007); *Kurdyla v. Pinkerton Security*, 197 F.R.D. 128, 134 (D.N.J. 2000).

To determine whether and by whom a person is "jointly employed," courts use the twelve factors traditionally used for distinguishing between a contractor and an employee, referred to as the "*Pukowsky*" factors:

> (1) the employer's right to control the means and manner of the worker's performance; (2) the kind of occupation-supervised or unsupervised; (3) skill; (4) who furnishes the equipment and workplace; (5) the length of time in which the individual has worked; (6) the method of payment; (7) the manner of termination of the work relationship; (8) whether there is annual leave; (9) whether the work is an integral part of the business of the "employer;"(10) whether the worker accrues retirement benefits; (11) whether the "employer" pays social security taxes; and (12) the intention of the parties.

*Thomas v. Cnty. of Camden*, 386 N.J. Super. 582, 595-96 (App. Div. 2006) (citation omitted); *see Pukowsky,* 312 N.J. Super. at 182–83. Of those factors, the most important is the "the employer's right to control the means and manner of the worker's performance." *Chrisanthis v. Cnty. of Atlantic*, 361 N.J. Super. 448, 455 (App. Div. 2003) (quotation and citations omitted). *Pukowsky* itself was a case under NJLAD, and the New Jersey Supreme Court has adopted the *Pukowsky* factors for determining whether an individual is an "employee" under CEPA. *See Stomel v. City of Camden*, 192 N.J. 137, 154 (2007); *D'Annunzio v. Prudential Ins. Co. of Am.*, 192 N.J. 110, 123 (2007). This analysis has been recognized as "fact-intensive." *See Kurdyla v. Pinkerton Sec.*, 197 F.R.D. 128, 136 (D.N.J. 2000) ("Given the fact-intensive nature of the analysis and the number and range of factors to consider, this Court concludes that it is inappropriate to grant a motion to dismiss at this early stage."); *see also Pukowsky*, 312 N.J. Super. at 172 (deciding employer status at directed verdict stage); *Carney v. Dexter Shoe Co.*, 701 F. Supp. 1093, 1095 (D.N.J. 1988) (determining employer status at summary judgment stage).

The Amended Complaint alleges that Annen worked for the Technical Ceramics Division of Morgan Advanced Materials PLC, which has two business units: MAC and Certech, Inc. (DE 10-2 at 28, AC ¶14). Annen claims that he worked out of Certech's principal office in New Jersey, and was supervised by two Certech employees. (AC ¶¶3, 7, 15). Annen attended meetings with John Righini, one of his supervisors that is accused of age discrimination, at the Certech facility. (AC ¶ 16). When a new member was added to the "Senior Leadership Team," who also became Annen's "boss," there was another meeting at the Certech facility. (AC ¶ 19). Annen alleges that more than half of his time was spent working in New Jersey and "traveling to the local states connected with the Certech office." (AC ¶ 20). When Annen was terminated, he was terminated by a Certech employee and the human resource manager at the Certech office. (AC ¶¶3, 7, 15, 24).

Based on these allegations, Annen has satisfied enough of the key *Pukowsky* factors to assert a colorable claim against Certech: Certech employees had the right to control the means and manner of Annen's performance; Certech furnished the workplace; and Certech employees played a role in Annen's termination. Annen's amended complaint alleges that two Certech employees, who were his supervisors, were the individuals who engaged in discriminatory behavior.

It is true that many of the *Puchowsky* factors are left unresolved by the amended complaint. Defendants have submitted an affidavit disputing Annen's allegations regarding Certech's status as an employer, and have reincorporated their arguments related to the *Hensgens* factors. At this stage, however, the relevant standard does not permit me to delve into the record as if this were a motion for summary judgment. In search of a "colorable" claim, I must resolve "all contested issues of substantive fact in favor of the plaintiff" and "any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer*, 913 F.2d at 111.

There is at least "a possibility that a state court would find that the complaint states a cause of action against . . . the resident defendant." *In re Briscoe*, 448 F.3d at 217. Annen has thus met its fairly minimal burden to demonstrate that joinder of Certech was not fraudulent with respect to the First Count (NJLAD). I therefore do not address the Second and Third Counts. Defendants remain free to present any and all substantive and factual arguments in a motion to dismiss in state court.

Annen is a New Jersey citizen. Having found no fraudulent joinder on Annen's part in stating claims against Certech, I must factor Certech's New Jersey citizenship into the jurisdictional analysis. Complete diversity being absent, the Court does not have subject matter jurisdiction over the suit.

### IV. Conclusion

For the foregoing reasons, the Court grants Plaintiff Annen's motion to amend the complaint, and to remand the case to state court pursuant to 28 U.S.C § 1447(e). (DE 10). Defendants' motion to dismiss (DE 9) is denied as moot and may be refiled in state court upon remand. An appropriate Order will follow.

Dated: January 24, 2019

**Kevin McNulty**
**United States District Judge**